IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

| | |
|---|---|
| CHARLES PRICE and DIANA PRICE, husband and wife,<br><br>        Plaintiffs,<br>v.<br><br>EXTREME PLASTICS PLUS, LLC,<br><br>        Defendant. | Civil Action No. 1:20-CV-272<br>(JUDGE KLEEH) |

## MEMORANDUM OPINION AND ORDER DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE EXPERT WITNESS DISCLOSURES [ECF NO. 21]

This matter is before the undersigned pursuant to a Referral Order [ECF No. 24] entered by Honorable United States District Thomas S. Kleeh on September 1, 2021. By this Referral Order, Judge Kleeh referred Defendant's Objection to and Motion to Strike Plaintiffs' Untimely and Deficient Expert Witness Disclosures [ECF No. 21] to the undersigned for a hearing and disposition. To this end, the undersigned also is in receipt of Plaintiffs' response in opposition to the motion [ECF No. 22] and their memorandum in support of their response. [ECF No. 23]. The undersigned scheduled the matter for hearing for September 9, 2021 [ECF No. 26] and then rescheduled the matter for hearing on September 21, 2021. [ECF No. 27].

      Defendant challenges Plaintiffs' designation of experts on the issue of liability, but does not challenge Plaintiffs' designation of experts on the issue of damages. Defendant argues that Plaintiffs' designation of liability experts is untimely. Plaintiffs do not dispute that such designation is untimely, but argue that certain reasons for delay were either beyond their control or otherwise excusable. During the hearing on September 21, 2021, the Court noted the deadline for discovery completion under the presently operative Scheduling Order [ECF No. 18] is relatively soon, December 1, 2021. Thus, the undersigned noted that absent Plaintiffs seeking and

obtaining necessary amendments to the Scheduling Order, any extension of time for Plaintiffs to disclose expert reports and related information would need to happen quickly in order for Defendant to have a fair opportunity rebut the same.

Defendant's counsel stated on the record that Defendant had not retained an expert on the issue of liability, and would not be retaining such an expert if Plaintiffs were not naming any.

At the hearing on September 21, 2021, after a recess, Plaintiffs' counsel ultimately advised the Court that Plaintiffs have elected to not designate expert(s) on the issue of liability. The Court inquired of Defendant's counsel as to whether such development would render Defendant's motion moot. Defendant's counsel stated that it would.

Accordingly, based on the foregoing, Defendant's motion [ECF No. 21] is **DENIED as moot.**

It is all so **ORDERED**.

The Court directs the Clerk of the Court to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: September 21, 2021.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE